UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS MILLER,

       Petitioner,                         CIVIL NO. 2:25-CV-11704

v.                                           HON. BRANDY R. MCMILLION

THE PEOPLE OF
THE STATE OF MICHIGAN,

       Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING CASE WITHOUT PREJUDICE

Dennis Miller ("Miller"), an inmate at the Cooper Street Correctional Facility in Jackson, Michigan, filed this *pro se* action seeking relief from judgment pursuant to Michigan Court Rule 6.500. *See generally* ECF No. 1. He challenges his 2017 state court conviction for armed robbery, Mich. Comp. Laws § 750.529. Because this request is not properly before this Court, the case is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

I.

Miller was convicted by a jury in the Wayne County Circuit Court of armed robbery and sentenced to 10 to 20 years in prison. ECF No. 1, PageID.1. His conviction was affirmed on appeal. *People v. Miller*, No. 337930, 2018 WL 2223106 (Mich. Ct. App. May 15, 2018); *lv. den*. 503 Mich. 954, 923 N.W.2d 261

1

(2019). Miller has now filed a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*, with this Court, which was docketed by the Clerk's Office as a Petition for a Writ of Habeas Corpus. The header of his motion labels the Court that he seeks to file in as:

State of Michigan
In the Eastern District Court
For the County of Wayne County

ECF No. 1, PageID.1. It is thus unclear whether Miller sought to file this action with this Court or the Wayne County Circuit Court.

Miller challenges the constitutionality of his conviction but acknowledges that none of the claims that he raises in his motion have been exhausted with the state courts. ECF No. 1, PageID.2. He indicates that he is filing a motion for relief from judgment because the time for him to file a direct appeal with the Michigan appellate courts has expired. *Id*.

## II.

This case is subject to dismissal because Miller has not filed an actual petition for a writ of habeas corpus with this Court, but has instead filed a motion for relief from judgment. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the prisoner's sole federal remedy is a petition for a writ of habeas corpus. *Preiser v.*

2

*Rodriguez*, 411 U.S. 475, 500 (1973). The "exclusive vehicle" for prisoners who are in custody pursuant to a state court judgment who wish to challenge anything affecting the legality of that custody is 28 U.S.C. § 2254. *See Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000)). However, a petition for habeas cannot be filed in this Court until Miller first exhaust his available state court remedies. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). To fulfill this exhaustion requirement, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)).

Miller's motion for relief from judgment is therefore properly brought in the state court in which he was convicted. *See Kincade v. Stegall*, No. 99-CV-76350-DT, 2001 WL 279751, at *4 (E.D. Mich. Jan. 23, 2001) (citing M.C.R. § 6.503(A)(1)). Miller therefore should have brought this motion for post-conviction relief pursuant to M.C.R. § 6.500 in the Wayne County Circuit Court and not this Court.[1]

---

[1] In the event that Miller's motion is denied; that denial is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Miller **Error! Main Document Only.**would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims before raising them in a habeas petition before this Court. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

3

When a *pro se* prisoner files a mislabeled civil action that should have been filed under the habeas corpus statute, the suit should not be converted into a habeas corpus action and decided on the merits. Instead, the proper action is to dismiss the action without prejudice. *See Staples v. Casperson,* 6 F. App'x 481, 483-84 (7th Cir. 2001). Thus, rather than re-characterize Miller's action as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, this Court dismisses his case without prejudice to avoid any adverse consequences with respect to any § 2254 claim or claims that Miller may wish to file in the future. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004).

## III.

Accordingly, this case is **SUMMARILY DISMISSED WITHOUT PREJUDICE**. To the extent that Miller seeks to file a petition for writ of habeas corpus, after exhausting his state court remedies, he can do so in accordance with 28 U.S.C. § 2254 at the appropriate time.

**IT IS SO ORDERED**.

Dated: July 25, 2025        s/Brandy R. McMillion
                            HON. BRANDY R. MCMILLION
                            UNITED STATES DISTRICT JUDGE